IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA       *
                               *
     v.                        *        CR 323-005
                               *
AUSTON COLE WAGNER             *

AUG 20 2024

FILED

─────────────

O R D E R

─────────────

On June 24, 2024, the United States Magistrate Judge issued a Report and Recommendation addressing Defendant Auston Cole Wagner's motion to suppress statements he made to law enforcement on May 9, 2023. (Doc. No. 69.) Following an evidentiary hearing on May 7, 2024, the Magistrate Judge determined that <u>Miranda</u> rights were not required during the interview of Defendant in the law enforcement minivan because he was not in custody. (<u>Id.</u> at 15-22.) The Magistrate Judge further determined that Defendant's statements to law enforcement in the minivan were voluntary. (<u>Id.</u> at 22-25.) Thus, the Magistrate Judge recommends denial of Defendant's motion to suppress these statements.

Defendant filed timely objections to the aforementioned findings. Upon a careful, *de novo* review of the record and the relevant law, the Court concurs with the Magistrate Judge that any incriminating statements incrementally given by this Defendant were non-custodial. And, in review of the evidence presented at this hearing, the Court determines that the record reveals with

sufficient clarity that Defendant's statements were voluntary, but this conclusion warrants further comment.

Defendant received the constitutionally mandated hearing respecting the voluntariness of his statements as dictated by the United States Supreme Court in <u>Jackson v. Denno</u>, 378 U.S. 368, 376 (1964) (determining that a defendant has a constitutional right to a fair hearing and an independent and reliable determination of the voluntariness of a confession before the confession may be presented to a jury). In reaching his conclusion about the voluntariness of the statement, the Magistrate Judge observed that that Special Agent Hillary Nielsen's "tone and demeanor were calm, cordial, comfortable, and professional, and she never yelled, raised her voice, or threatened Defendant, or promised him anything in exchange for his confession." (R&R at 16.) From my review of the transcript and video recording, I can adopt the Magistrate Judge's finding insofar as it goes. The Nielsen interview was skillful to the point of artful. The differences in the respective abilities of the Defendant and his interrogator are palpable. Obviously, SA Nielsen had much training and experience, while Defendant had little. My estimation of the interview is that SA Nielsen expertly developed within this Defendant a feeling of common purpose in what *he saw* as their respective roles in law enforcement. One could conclude that the Defendant, for reasons known only to himself, went well beyond simple answers to SA Nielsen's questions seeking somehow to ingratiate himself, perhaps

2

even succumbing to an emotional transference.  I know of no rule or statute which prohibits a police interrogator from exaggeration, deception, or manipulation of facts.  That SA Nielsen did not reveal her ultimate purpose in the interview is of little consequence. If Defendant was gulled, that may have been due to SA Nielsen's ability or Defendant's fanciful belief in a concept which the more mature or experienced would find unlikely.  So, while there was no overt "intimidation, aggression, threats, or raised voices" from SA Nielsen (id.), coercion comes in many forms just as a skilled interrogator may fulfill her objective in different ways.

These observations about the interview in the minivan lead to the point articulated by the United States Supreme Court in Crane v. Kentucky, 476 U.S. 683 (1986).  Even if there is a judicial determination that statements were voluntarily given, a defendant still has a constitutional right to present the facts and circumstances of his statements to a jury to show that they are not reliable.  Id. at 690 (holding that the trial court erred in excluding "competent, reliable evidence bearing on the credibility of [the defendant's] confession" merely because the court had previously found that the confession was voluntary).  That is, Defendant has the "prerogative" to introduce evidence at trial that bears on the reliability and credibility of the statements he made.  Id. at 688.  As the Supreme Court explained:

3

> [R]egardless of whether the defendant marshaled the same evidence earlier in support of an unsuccessful motion to suppress, and entirely independent of any question of voluntariness, a defendant's case may stand or fall on his ability to convince the jury that the manner in which the confession was obtained casts doubt on its credibility.

Id. at 689.  For this reason, the Court will not preclude Defendant from presenting evidence that bears upon the weight, credibility, and reliability of the statements he made in the minivan should he so choose.

Upon the foregoing, the Court **OVERRULES** Defendant Wagner's objections and **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as its opinion.  As a result of the parties' stipulation regarding the May 9, 2023 polygraph examination and statements Defendant made after the examination (see doc. no. 60), the portion of Defendant's motion to suppress regarding Exhibit 4 to Docket Number 47 is **MOOT** (doc. no. 45). The Court **DENIES** the remainder of Defendant's motion to suppress his statements to law enforcement as recorded in Exhibits 1 and 2 to Docket Number 47.

**ORDER ENTERED** at Augusta, Georgia, this _____ day of August, 2024.

_____
UNITED STATES DISTRICT JUDGE

4