```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF GEORGIA
                       DUBLIN DIVISION
```

```
UNITED STATES OF AMERICA      *
                              *
     v.                       *    CR 323-005
                              *
AUSTON COLE WAGNER            *
```

O R D E R

On March 24, 2025, the Court conducted a pretrial conference and a hearing on two motions in limine, one filed by each side. The Court incorporates herein any observations, conclusions, and rulings made during the course of the hearing. Thereupon, the Court **DENIES IN PART and DEFERS IN PART** Defendant's motion in limine (doc. no. 128) as delineated below. The Court also instructs the Clerk to **TERMINATE AS MOOT** the Government's motion in limine (doc. no. 127).

**Defendant's Motion in Limine**

Defendant seeks to exclude two categories of evidence. The first aspect of his motion targets information learned during his interview with law enforcement during the execution of search warrants on May 9, 2023. As the Government points out in response, this motion in limine may be more aptly described as a motion to suppress. Indeed, because the Court vacated the Adoption Order of

August 20, 2024, Defendant's original motion to suppress the statements he made to law enforcement on May 9, 2023 remains pending. (See Order of February 13, 2025, Doc. No. 119.)

The Government has now represented that it does not intend to introduce any statements made by Defendant to law enforcement on May 9, 2023. Accordingly, the Clerk is directed to **TERMINATE AS MOOT** the pending motion to suppress (doc. no. 45) filed on January 30, 2024.[1] As discussed at the hearing, however, the voluntariness of a Consent to Search given by Defendant to law enforcement on May 9, 2023, remains an issue because the information learned through the Consent to Search was subsequently used by law enforcement to access other inculpatory information. Upon consideration of the applicable law and record evidence to include the videotape of Defendant's interview with law enforcement on May 9, 2023 (and the transcript thereof), the Court finds and concludes that Defendant's Consent to Search given to law enforcement on that day was voluntary. Accordingly, Defendant's motion in limine to exclude any evidence obtained through use of information gained as a result of Defendant's Consent to Search given on May 9, 2023, is **DENIED**.

The second aspect of Defendant's motion in limine seeks to exclude any evidence disclosed by the Government in its

---

[1] The original motion to suppress targeted Defendant's interview with law enforcement on the morning of May 9, 2023, and a polygraph examination conducted later that day.

Certificates of Disclosure filed on February 19, February 28, March 6, and March 12, 2025. (Doc. Nos. 121, 123-125.) Defendant claims that the Government has violated its discovery obligations with these alleged untimely disclosures. On this matter, and as explained at the hearing, the Court is necessarily more concerned with identifying the material disclosed in these filings that will be offered at trial. To that end, the Government represented at the hearing that it did not intend to introduce any document disclosed pursuant to the Certifiate of Disclosure filed on February 19, 2025 (doc. no. 121.) Accordingly, the Court **DENIES AS MOOT** Defendant's motion in limine to exclude documents disclosed pursuant to the Certificate of Disclosure, Doc. No. 121.

With respect to material disclosed pursuant to the three other Certificates of Disclosure <u>and</u> any other material disclosed by the Government since February 28, 2025, the Court **DEFERS** any ruling on exclusion because of a discovery violation. To facilitate consideration of the matter, the Court **ORDERS** the Government to designate any material disclosed to Defendant since February 28, 2025 that it plans to offer at the trial of the case. This designation of potential trial evidence should include not only newly obtained material but also any material that the Government believes is duplicative of material previously disclosed. The designation shall specify the nature of the evidence (i.e., whether it is an image, a video, a document, a record, etc.), the date

obtained by the Government, and the date and form of any prior disclosure to Defendant. This designation list shall be filed by close of business on Wednesday, March 26, 2025.

### Government's Motion in Limine

The Government moves for a pretrial ruling on the admissibility of its representative sample of child sexual abuse material to be shown to the jury. As mentioned at the hearing, the Court is not inclined to weigh in on the prosecutorial prerogative of the United States in the presentation of its case. To be sure, Defendant's willingness to stipulate that the subject material is child pornography does not preclude the Government from offering such material. Nevertheless, the Court will not place its imprimatur on the Government's case as requested. Instead, the Court will hold the Government to its representation that it has chosen its representative sample after carefully balancing the competing considerations of Federal Rule of Evidence 403. The Court will of course be mindful of those considerations during the trial. Accordingly, the Clerk is directed to **TERMINATE AS MOOT** the Government's motion in limine (doc. no. 127).

**ORDER ENTERED** at Augusta, Georgia, this 25th day of March, 2025.

_____
UNITED STATES DISTRICT JUDGE

4