IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| AUSTON COLE WAGNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CR 323-005 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner Auston Cole Wagner filed a motion under 22 U.S.C § 2255 to vacate, set aside, or correct his sentence.  The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this § 2255 petition be dismissed without prejudice and this case be closed.

Petitioner pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  (Doc. nos. 148, 181.)  His appeal is pending before the Eleventh Circuit (Doc. nos. 183, 191, see United States v. Wagner, No. 25-12939 (11th Cir.)).  He simultaneously seeks to vacate his sentence through a 28 U.S.C. § 2255 motion. (Doc. no. 192).

Section 2255, however, is "intended to afford strictly post-conviction relief." See United States v. Casaran-Rivas, 311 F. App'x 269, 273 (11th Cir 2009) (citing 28 U.S.C. §§2255(a),(f)). Collateral relief and direct-appeal relief cannot be pursued simultaneously, as "the disposition of a direct appeal might render a habeas motion unnecessary." Id. (citing United States v. Khory, 901 F.2d 975, 975 (11th Cir. 1990) (absent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief)); see also Kapral v. United States, 166 F.3d 565, 570 (3rd Cir. 1999) ("a collateral attack is generally inappropriate if the possibility of further direct review remains open."); Welsh v. United States, 404 F.2d 333 (5th Cir. 1968) (a § 2255 motion "will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."); Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970) ("[e]xcept under most unusual circumstances, not here present, no defendant in a federal criminal prosecution is entitled to have a direct appeal and a section 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence.").

"To this end, the record includes no reason to conclude that [Wagner's] case presents extraordinary circumstances that render this reasoning inapplicable." Casaran-Rivas, 311 F. App'x at 273. Wagner's §2255 motion should be dismissed without prejudice as premature.[1]  For the reasons set forth above, the Court **REPORTS** and

---

[1] Meaning, should movant decide to pursue collateral relief *after* resolution of his direct appeal, that subsequent § 2255 motion would not be second or successive.

**RECOMMENDS** that the § 2255 petition be **DISMISSED** without prejudice and this case be **CLOSED**.

SO REPORTED AND RECOMMENDED this 31st day of March, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3